The Court:
 

 Booth,
 
 Chief Justice
 

 charged the jury:— 1. A libel is a malicious publication in printing, writing, signs or pictures, imputing to another something which has a tendency to injure his reputation; to disgrace or degrade him in society, lower him in the esteem and opinion of the world, or bring him into public hatred, contempt or ridicule. (2
 
 Harr. Rep.
 
 431-3.)
 

 This paper is a libel. It imputes, 1st. An illegal use of money for the purpose of influencing voters, and represents Layton as the agent for that purpose, of a committee in Baltimore. (Digest, 189, § 24.) |2d. It imputes by the purpose with which it purports to be written, even against its language, that the plaintiff may have been unfaithful in his agency, and had not paid over the money deposited with him. 3d. It necessarily leads to suspicions of this, after his refusing to pay, land thus injures his reputation. Such was its consequence in fact. 1th. It subjects him to vexatious suits.
 

 2. He who knowingly circulates a libel,
 
 publishes it.
 
 The innocent delivery of a sealed letter by a post-master, or by another at nis request, would not be a publication of a libel contained in the letter,'without his knowledge. But if he knew any thing of it before ielivery, or circulated others of the same kind after knowledge of the libel, this would be a publication.
 

 His acts and declarations at the time of the delivery of the letters lire evidence as to the knowledge. (1
 
 Lord Ray.
 
 416; 2
 
 Salk.
 
 418;
 
 Bac. Ab.
 
 497; 9
 
 Rep.
 
 57-9; 5
 
 ib.
 
 59; 9
 
 ib.
 
 69; 4
 
 B.
 
 &
 
 Ald.
 
 126; 3 b. 160; 2
 
 W. Blac.
 
 1037; 2
 
 Stark. Ev.
 
 848-50.)
 

 3. Malice, The jury must be satisfied that the publication was ralicious. This is to be gathered from the circumstances attending lie publication. If the attending circumstances prove nothing one ray or the other about the intent, then the intent must be gathered l-om the paper itself, and if that is
 
 libellous
 
 — if it tends to vilify, de-ime and injure the plaintiff — the inference of law as well as of com-con sense is, that
 
 such
 
 was the
 
 intention,
 
 and the publication is, jierefore, taken to be malicious. (2
 
 Stark. Ev.
 
 862; 6
 
 Eng. Com.
 
 [mi)
 
 Rep.
 
 362.)
 

 4. Damages, in the discretion of the jury.
 

 Verdict for plaintiff--six cents damages.